375 N.W.2d 471 (1985)
In the Matter of the Application for the DISCIPLINE OF Louis J. McCOY, an Attorney at Law of the State of Minnesota.
No. C3-85-27.
Supreme Court of Minnesota.
October 18, 1985.

ORDER
The respondent, Louis J. McCoy, having waived his right to counsel and having waived his right to a hearing before a referee on the petition for discipline herein, and to have the referee make findings, conclusions and a recommended disposition, and having waived the right to contest such findings and conclusions and to a hearing before this court, has unconditionally admitted that in 1984 he failed to respond to client inquiries concerning the status of a judgment collection matter. That although in the spring of that year he promised to forward to the client funds which he had already collected, he failed to do so until late fall of that year in violation of DR 9-102(B)(4), Minnesota Code of Professional Responsibility. Respondent further admits that in July the Director of the Lawyers Professional Responsibility Board requested a written response to the client's complaint that he had failed to forward the funds so collected. Respondent failed to respond to the July inquiry and to a second inquiry made in August. Respondent never responded until after the Director issued charges of unprofessional conduct. Respondent's conduct in failing to cooperate with the Director's office violated Rule 25, Rules of Lawyers Professional Responsibility DR 1-102(A)(5), Minnesota Code of Professional Responsibility and the holding of this court in In re Cartwright, 282 N.W.2d *472 548 (Minn.1979). The respondent and the Director have entered into a stipulation.
The court having examined the files and records with respect to this matter and having considered the stipulation,
NOW ORDERS:
1. The respondent is hereby publicly reprimanded and placed on probationary status for a period of two years pursuant to Rule 15, Rules of Lawyers Professional Responsibility.
2. The conditions of the respondent's probation shall be:
(a) He shall at all times abide by the Minnesota Rules of Professional Conduct and shall cooperate with the Director's investigation of any allegation of unprofessional conduct which has or may come to the attention of the Lawyers Professional Responsibility Board. Either respondent's admission or a referee finding of further unprofessional misconduct shall constitute conclusive evidence of a breach of the conditions of the probation.
(b) Respondent shall forthwith initiate and maintain office procedures to ensure that there are prompt responses to correspondence, telephone calls and other communications from clients, courts and persons interested in matters in which respondent is handling, and which will ensure that respondent regularly reviews each file and completes legal matters on a timely basis.
(c) Within 30 days of the date of this order, respondent shall at his own expense obtain the evaluation by a licensed psychologist or psychiatrist of his ability to maintain communications with clients, courts and other persons interested in matters which respondent is handling. Respondent shall thereafter forthwith provide a copy of the evaluation to the Director of the Lawyers Professional Responsibility Board and shall comply with any recommendations which may be contained therein. Respondent shall report on a quarterly basis to the Director concerning his compliance with the recommendations of such evaluator.
3. Respondent shall pay within 60 days from the date of this order to the office of the Director of the Lawyers Professional Responsibility $500 in costs pursuant to Rule 24(a), Rules of Lawyers Professional Responsibility.